LEDERMAN v. RAHAIM et al.

(Supreme Court, Appellate Term. February 11, 1907.)

TRIAL—RECEPTION OF EVIDENCE—STATEMENT OF COURT.

Defendants having alleged that a check sued on had been obtained through fraud, one of the defendants, when called to prove execution of the check, was asked by plaintiff's counsel if the firm had not stopped payment on the check, to which he replied in the affirmative, and on cross-

examination he was asked the reason, when the court said that the witness could not tell anything about it. *Held* that, the quest.on asked being objectionable, the court's statement was not error.

· Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Gerson Lederman against Thomas Rahaim and another. From a Municipal Court judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

John J. Rooney, for appellants.

Isaac Josephson, for respondent.

MacLEAN, J. The defendants having alleged that a check, the subject of the cause of action, had been obtained through the original payee by fraud one of them, called as a witness to prove execution, being asked by the plaintiff's counsel, "Your firm stopped payment on that check?" replied, "Yes, sir." On cross-examination his own counsel questioned, "Why did you stop payment?" and, that remaining unanswered, because of objection and interruption, again, "You were asked why you stopped payment on that check?" To that the court said: "He cannot tell anything about it." Thereupon the plaintiff rested. The defendants' counsel asked that the plaintiff take the stand, and then, he not being present, asked for adjournment of the trial, whi-h being denied, offered no evidence, but, judgment being rendered for the plaintiff, moved for a new trial. From a denial of that motion comes this appeal, whereupon the exception to the utterance of the learned justice presents the sole question.

Whether or not payment of the check was stopped was not a fact in issue, and so one respecting which the defendant was entitled to cross-examine the witness at some time during the trial, but only an incident proper to be inquired about because of its introduction by the plaintiff. To the question proposed there was an obvious and sufficient objection, although the facts constituting the incident, possibly moving the defendant, might have been gone into fully enough upon questions duly calling for them. No such questions were asked; nor was attempt or offer made to sustain the defense set up in the answer. The utterance excepted to was rather compassing, and may have disconcerted even discouraged counsel. Still it remained his office to put in his clients' defense, if they had one as alleged. The judgment should be affirmed.

Judgment affirmed, with costs.

AMEND, J., concurs. GILDERSLEEVE, J., concurs in result.